## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS
## BOSTON DIVISION

ERICA JOHNSON and JOSE SANTIAGO,
individually and on behalf of all others
similarly situated who consent to their          Case No.:
inclusion,

Plaintiffs,

v.

AVIS BUDGET  CAR RENTAL, LLC. a              COLLECTIVE ACTION
Foreign Limited Liability Corporation;        REPRESENTATION
and BUDGET RENT A CAR SYSTEM,
INC., a Foreign Corporation;                  CLASS ACTION
                                              REPRESENTATION
Defendants.

---

## COMPLAINT

---

Plaintiffs, ERICA JOHNSON and JOSE SANTIAGO, individually, and on behalf

of all others similarly situated who consent to their inclusion in this collective action and

class action, sue the above captioned Defendants,  AVIS BUDGETG CAR RENTAL, LLC

and BUDGET RENT A CAR SYSTEM, INC., (hereinafter collectively "Defendants" or

"Avis Budget") for violations of the Fair Labor Standards Act, 29 U.S.C. § 207 and Mass.

Gen. Laws c. 151 § 1A for (1) failing to pay the Plaintiffs overtime compensation and

allege as follows:

## <u>INTRODUCTION</u>

1.      Plaintiffs allege on behalf of themselves and all other current and former Shift

Managers employed by Defendants who consent to their inclusion pursuant to the Fair

Labor Standards Act (the "FLSA"), 29 U.S.C. § 216(b).  Plaintiffs and the putative

collective class (the "Collective Action Class") contend they are entitled to unpaid

overtime compensation for all hours worked but not compensated at a rate not less than

1.5 times their regular rate of pay, liquidated damages, and their reasonable attorneys'

fees and costs pursuant to the FLSA.

2.      This is a collective action, on behalf of all "**shift managers**" and "**operations**

**managers"** of Avis Budget Car Rental, LLC and Budget Rent a Car System, Inc., who

are or were employed by Avis Budget Car Rental, LLC and Budget Rent a Car System,

Inc. at one of their Massachusetts, New Hampshire, Maine, or Rhode Island locations

within the last three years to recover unpaid overtime and similar such relief pursuant to

the Fair Labor Standards Act.

3.      Plaintiffs also bring this action pursuant to Fed. R. Civ. P. 23 to recoup owed

overtime compensation under the Minimum Fair Wages Act, Mass. Gen. Law c. 151A

§1A (the "MFWA"), along with treble damages and their reasonable attorneys' fees and

costs under Mass. Gen. Law c. 151A § 1B.

4.      Thus, this is also a class action, on behalf of "**shift managers**" and

"**operations managers"** of Avis Budget Car Rental, LLC and Budget Rent a Car

System, Inc., who are or were employed by Avis Budget Car Rental, LLC and Budget

Rent a Car System, Inc. in any of Defendants' Massachusetts airport locations within the

last two years to recover unpaid overtime and similar such relief pursuant to the MFWA.

5.      As explained herein, an employee is classified as exempt versus non-exempt

according to their job duties, *not their job title*.

6.      Non-Exempt employees are entitled to overtime compensation regardless

of whether they have an exempt title, if their duties do not reflect "exempt job duties"

under the FLSA or the Massachusetts Minimum Fair Wage Act (the "MFWA").

7.      If a manager is exempt from overtime, employees must exercise the requisite discretion, management, and independent judgment with respect to matters   of significance (*e.g.*, hiring and firing), and should not be performing menial work duties (*e.g.*, cleaning the cars, emptying trash baskets, or stocking inventory).

8.      Plaintiffs and the putative class members were intentionally misclassified as "exempt" by Defendants, despite their job duties that undeniably fail to fall into any applicable exemption.  In other words, Plaintiffs and the putative class performed menial duties as their primary duties, and lacked any requisite independent thought, discretion, or power, to act as a true "exempt" employee.

## **JURISDICTION AND VENUE**

9.      This Court has subject matter jurisdiction over this action, pursuant to 28 U.S.C. §§ 1331 and 1337 and 29 U.S.C. § 216(b) because this action involves a federal question under the Fair Labor Standards Act.  The Court has supplemental jurisdiction over the MFWA count and Class pursuant to 28 U.S.C. § 1367, as this count arises from the same nucleus of operative facts as the federal question and thus constitutes part of the same case or controversy under Article III of the United States Constitution.

10.     This Court has personal jurisdiction over this action because the Defendants are engaged in business within the State of Massachusetts and operate a place of business at 202 Porter Street, Boston, Massachusetts, 02128.

11.     Venue is appropriate here in the Boston Division of the District of Massachusetts pursuant to 28 U.S.C. 1391(b) because the acts complained of occurred in Boston, Massachusetts, as they took place at the Defendants' place of business located at 202 Porter Street, Boston, Massachusetts, 02128.

## PARTIES

12.    At all times relevant to this action, Representative Plaintiff, Erica Johnson, resided in Essex County, Massachusetts.  At all times relevant to this action Erica Johnson worked for Avis Budget Car Rental, LLC and Budget Rent a Car System, Inc. at Boston's Logan International Airport, 202 Porter Street, Boston, Massachusetts, 02128 (hereinafter "Boston-Logan").  She began her employment with Defendants in November 2011 as a Shift Manager at Boston-Logan, and is currently employed by Defendants in this capacity.

13.    At all times relevant to this action, Representative Plaintiff, **Jose Santiago**, resided in Bristol County, Massachusetts.  At all times relevant to this action Jose Santiago worked for Avis Budget Car Rental, LLC and Budget Rent a Car System, Inc. at their Boston-Logan International Airport location.  He began his employment with Defendants in 1988 at a non-airport location.  In 1999, he began his employment as a Shift Manager at the Boston-Logan, and is currently employed by Defendants in this capacity.

14.    For purposes of the Class, Erica Johnson and Jose Santiago consent in writing to be a party to this action pursuant to 29 U.S.C. § 216(b).

15.    Erica Johnson and Jose Santiago were titled "shift manager" and/or "operations manager" while employed by Avis Budget.  The positions are the same.

16.    Defendant, Avis Budget Car Rental, LLC ("Avis") is a foreign for-profit corporation organized and existing under the laws of Delaware, with its principal place of business located at 6 Sylvan Way, Parsippany, New Jersey 07054.  Its registered agent for service in Massachusetts is Corporation Service Company, whose address is 84 State Street, Boston, Massachusetts, 02109.

17.     Defendant, Budget Rent a Car System, Inc. ("Budget") is a foreign for-profit corporation organized and existing under the laws of Delaware, with its principal place of business located at 6 Sylvan Way, Parsippany, New Jersey 07054.  Its registered agent for service in Massachusetts is Corporation Service Company, whose address is 84 State Street, Boston, Massachusetts, 02109.

18.     Defendants have more than two employees and generated more than $500,000 in revenues for the years 2008, 2009, 2010, 2011, and 2012.

19.     The Defendants qualify for and are subject to enterprise coverage under the FLSA for all the relevant time periods contained in this Complaint.

20.     Defendants employed Plaintiffs as employees within the meaning of FLSA §203.

## Summary Of FLSA Collective Class

21.      Plaintiffs bring this suit on behalf of a collective class of similarly situated persons composed of:

> a.  All employees who are currently or were formerly employed by the Defendants as a "shift manager" and/or "operations manager" at one or more of the Defendants' airport locations in Massachusetts, Rhode Island, New Hampshire, or Maine within the past three years preceding the filing of this lawsuit, who worked more than 40 hours in a given workweek at least one time, and received anything less than 1.5 times their regular rate of pay for hours worked over 40 in a workweek and who elect to opt-in to this action pursuant to FLSA, 29 U.S.C. § 216(b) (referred herein as the "**Collective Class**").

22.     Plaintiffs allege on behalf of the Class members who elect to opt-in to this action that they are: (1) entitled to unpaid wages from Defendant for overtime work for which they did not receive overtime premium pay, as required by law.

23.     As a result of Avis Budget's violations of the FLSA, Plaintiffs and Class were illegally and grossly under-compensated for their work.

## Summary of MFWA Class

24.   Plaintiffs bring this suit on behalf of a class of similarly situated persons composed of:

   a.   All employees who are currently or were formerly employed by the Defendants as a "shift manager" and/or "operations manager" at one or more of the Defendants' airport locations in Massachusetts within the past two years preceding the filing of this lawsuit, who worked more than 40 hours in a given workweek at least one time, and received anything less than 1.5 times their regular rate of pay for hours worked over 40 in a workweek pursuant to Mass. Gen. Law c. 151 §1B (referred herein as the "**MFWA Class**").

25.   Plaintiffs allege on behalf of the similarly situated Class members that they are: (1) entitled to unpaid wages from Defendant for overtime work for which they did not receive overtime premium pay, as required by law.

26.   As a result of Avis Budget's violations of the FLSA, Plaintiffs and Class were illegally and grossly under-compensated for their work.

## <u>GENERAL ALLEGATIONS</u>

27.   Plaintiffs and members of the Class were classified by Avis Budget as exempt employees due to their title "shift manager" and/or "operations manager."[1]

28.   Plaintiffs and members of the Class were not paid overtime for hours worked in excess of forty (40) in any given work week.

29.   Plaintiffs and members of the Class were misclassified by the Defendants as exempt employees.

30.   The FLSA provides that, with certain exceptions, employers must pay employees overtime of at least one and one-half times their regular rate of pay for any hours over forty worked in a week. 29 U.S.C. S 207(a)(1). The Act exempts certain employees from the overtime requirements. However, an "employer who claims an exemption from

---

[1] It should be noted that on or about July 1, 2011, the position title "Shift Manager" was unilaterally renamed "Operations Manager" by the Defendants; though the duties of the position remained the same.

the FLSA has the burden of showing that the exemption applies" *See Donovan v. Nekton*, Inc., 703 F.2d 1148, 1151 (9th Cir. 1983).

31.     As stated by the First Circuit, the "basic overtime provision of the [MFWA] is essentially identical to the [FLSA]." *Cash v. Cycle Craft Co., Inc.*, 508 F.3d 680, 686 (1st Cir. 2007).  Indeed, this Court stated that claims brought under both the FLSA and the MFWA are "[r]iding the same horse." *McLaughlin v. Liberty Mut. Ins. Co.*, 224 F.R.D. 295, 296 (D. Mass. 2004).

32.     Although the FLSA and MFWA provides for certain exemptions to the mandates of paying overtime compensation, no exemption applies in the instant matter.

33.     Unless proven to be exempt from the protection of overtime laws, all employees are entitled to premium overtime pay for work in excess of forty (40) hours per week.

34.     Plaintiffs and members of the Class are forced to work overtime hours, every week, doing tasks that are not under their job description.  Supervisors of Avis Budget offered the explanation that, "employees were/are obligated to 'fill in the gaps' of the company's operations."

35.     The Plaintiffs and members of the Class are forced to 'file the gaps' doing work of non-exempt Avis Budget jobs.

36.     Despite, what any purported job description for an Avis Budget  "Shift Manager" and/or "Operations Manager" might say, Plaintiffs and the putative Class had the following primary job duties;

      a.     Renting cars,

      b.     Cleaning cars,

      c.     Dispatching and driving cars from one location to another,

    d.      Moving cars from one area of the operation to the other area,

    e.      Checking in returning customers,

    f.      Stocking and refilling office supplies

    g.      Cleaning up work stations and surround areas

    h.      Driving clean cars to customer pick up area, and

    i.      Otherwise filling in areas of operations when short staffed (service agent, rental agent, fast break agent, return agent, drive services, key attendant).

37.    Accordingly, Plaintiffs, and members of the Class had job duties that primarily consisted of manual, menial work, which was not supervisory or managerial.

38.    Shift Managers and Operations Managers should have been classified as non-exempt and paid overtime at a rate of 1.5 for all those hours they worked in excess of 40 in a given week.

39.    Plaintiffs and members of the Class do not have the inherent authority to hire employees.  To the extent the Plaintiffs and members of the Class interviewed candidates for hire, they did so at the direction of their superiors, and did so pursuant to strict corporate checklists and forms.  Shift Managers and Operations Managers never made the ultimate hiring decisions, and barely served as a gatekeeper in the hiring process.  Accordingly, Plaintiffs and members of the class offered little to no discretion or influence in the hiring process.

40.    Plaintiffs and members of the Class did not have the authority to terminate employees. All termination decisions were made by upper management and were void of any influence of Shift Managers and Operations Managers.

41.     Due to the nature of the job responsibilities and requirements set forth by the Defendant to have their Shift Managers and Operations Managers fill in operational gaps due to insufficient staffing, Plaintiffs and members of the Class were, and continue to be, required to work more than forty (40) hours a week during the course of their employment with Avis Budget.

42.     Shift Managers and Operations Managers were paid principally on a salary basis, irrespective of the hours actually worked, and were unlawfully classified as exempt from overtime compensation.

43.     As such, Shift Managers and Operations Managers, including Plaintiffs and members of the Class, are not exempt from the requirements of overtime, minimum wage, or FLSA.

44.     Plaintiffs allege on behalf of the members of the Class that Avis Budget's failure to pay overtime was knowing and willful.   Accordingly, Plaintiffs and the Class are entitled to recover all overtime pay due from overtime hours worked for which compensation was not paid, liquidated damages and attorneys' fees under the FLSA's three year statute of limitations.

45.     Defendants did not keep accurate time records of all hours worked by Plaintiffs and the putative Class members.  Specifically, Plaintiffs' work schedules failed to notate an end time to their shifts, and no records were kept that documented the hours they worked in a given shift.  Defendants also did not record hours worked on their days off, vacation time, and other instances where they were forced to come into work.

46.     Evidence reflecting the precise number of overtime hours worked by Plaintiffs and every other member of the Class, as well as the applicable compensation rates, is in the possession of Avis Budget.  If these records are unavailable, as the case here,

Plaintiffs and members of the Class may establish the hours they worked solely by their testimony and the burden of overcoming such testimony shifts to the employer. *See Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680 (1946).

47.     Plaintiffs and all other members of the proposed collective and class action, were employees of Avis Budget within the meaning of 29 U.S.C. § 203(e)(1) and the MFWA.

48.     Plaintiffs and others similarly situated were improperly classified by Avis Budget as exempt; however, their work duties dictate they should have been classified and compensated as non-exempt employees.

## COLLECTIVE ACTION ALLEGATIONS

49.     Plaintiffs bring this action on behalf of the Collective Class as a collective action pursuant to the FLSA § 216(b).

50.     As stated by the Southern District of New York Court in *Young v. Cooper Cameron Corp,* "[t]he requirements of Fed. R. Civ. P. 23 do not apply to the approval of a collection action and thus no showing of numerosity, typicality, commonality and representativeness need be made."[2]

51.     Still, despite the *Young* Court's ruling, the members of the Collective Class are so numerous that joinder of all members is impracticable.  While the exact number of the members of the Collective Class is unknown to the Plaintiffs at this time, and can only ascertained through appropriate discovery, Plaintiffs believes there are at a minimum, hundreds of individuals in the defined class, if not thousands.

52.     Plaintiffs will fairly and adequately protect the interests of the Collective Class and have retained counsel that is experienced and competent in class/collective  actions and employment litigation.  Plaintiffs have no interest that is

---

[2] *Young v. Cooper Cameron Corp*., 229 F.R.D. 50, 54 (S.D.N.Y. 2005)

contrary to, or in conflict with, members of the Collective Class.

53.     A collective action suit, such as the instant one, is superior to other available means for fair and efficient adjudication of this lawsuit.   The damages suffered by individual members of the Class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Collective Class to individually seek redress for the wrongs done to them.

54.     A collective action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy.   Absent these actions, the members of the Collective Class likely will not obtain redress of their injuries, and Avis Budget will retain the proceeds of their violations of the FLSA.

55.     Furthermore, even if any member of the Collective Class could afford individual litigation against Avis Budget, it would be unduly burdensome to the judicial system.   The instant methodology, when compared to voluminous individual actions, has fewer management difficulties and provides the benefits of unitary adjudication, economies of scale, and comprehensive supervision by a single court.   Concentrating this litigation in one forum will promote judicial economy and parity among the claims of individual members of the Collective Class, and provide for judicial consistency.

56.     There is a well-defined community of interest in the questions of law and fact affecting the Collective Class as a whole.   The question of law and fact common to each member of the Collective Class predominates over any questions affecting solely individual members of the action. Among common questions of law and fact are:

    a.     Whether Avis Budget employed members of the Collective Class within the meaning of the applicable provisions of the FLSA;

    b.     Whether shift managers/operations managers were uniformly and unlawfully classified by Avis Budget as exempt from overtime

compensation;

c.    Whether Avis Budget failed to pay Plaintiffs and the members of the Collective Class all overtime compensation due to them by virtue of their uniform designation as exempt;

d.    Whether Avis Budget and members of the Collective Class were expected to, and/or mandated to regularly work hours in excess of forty (40) per week;

e.    Whether Avis Budget failed to maintain and preserve accurate and true records of all hours worked and wages earned by the Collective Class; and

f.    Whether Plaintiffs and the Collective Class have sustained damages, and if so, what is the proper measure of damages.

57.    Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its continued maintenance.

58.    Pursuant to 20 U.S.C. § 207, Plaintiffs seeks to prosecute the FLSA claims as a collective action on behalf of the Collective Class:

a.    All employees who are currently or were formerly employed by the Defendants as a "shift manager" and/or "operations manager" at one or more of the Defendants' airport locations in Massachusetts, Rhode Island, New Hampshire, or Maine within the past three years preceding the filing of this lawsuit, who worked more than 40 hours in a given workweek at least one time, and received anything less than 1.5 times their regular rate of pay for hours worked over 40 in a workweek and who elect to opt-in to this action pursuant to FLSA, 29 U.S.C. § 216(b).

59.    Notice of the pendency and any resolution of this action can be provided to Collective Action Members by mail, print, and/or internet publication.

60.    Plaintiffs brings this action as a collective action pursuant Section 216(b) of the FLSA.

## CLASS ALLEGATIONS

61.    Plaintiffs bring this action on behalf of the MFWA Class as a class under Rules

23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

62.    Plaintiffs bring this suit on behalf of a class of similarly situated persons composed of:

a. All employees who are currently or were formerly employed by the Defendants as a "shift manager" and/or "operations manager" at one or more of the Defendants' airport locations in Massachusetts within the past two years preceding the filing of this lawsuit, who worked more than 40 hours in a given workweek at least one time, and received anything less than 1.5 times their regular rate of pay for hours worked over 40 in a workweek pursuant to Mass. Gen. Law c. 151 §1B (referred herein as the "**MFWA Class**").

63.    The persons in the MFWA Class identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are at least 75 members of the Class during the Class Period.

64.    The claims of Plaintiffs are typical of the claims of the MFWA Class and a class action is superior to other available methods for fair and efficient adjudication of the controversy—particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resource to vigorously prosecute a lawsuit in federal court against Defendants.

65.    Defendants have acted or refused to act on grounds generally applicable to the MFWA Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the MFWA Class as a whole.

66.    Plaintiffs are committed to pursuing this action and have retained competent counsel experience in wage and hour law and class action litigation.

67.    Plaintiffs have the same interests in this matter as all other members of this Class

and Plaintiffs' claims are typical of the  MFWA Class.

68.    There are questions of law and fact common to the MFWA Class that predominate over any questions solely affecting the individual members of the Class, including but not limited to:

      a.   Whether the Defendants employed the members of the Class within the meaning of the MFWA;

      b.   What proof of hours worked is sufficient where employers fail in their duty to maintain adequate and accurate time records;

      c.   Whether Defendants failed and/or refused to pay the members of the MFWA Class for all of the hours worked by them, as well as premium pay for hours worked in excess of forty hours per workweek within the meaning of the MFWA;

      d.   Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, interest, costs and disbursements and attorneys' fees; and

      e.   Whether Defendants should be enjoined from such violations of the MFWA in the future.

## COUNT I – OVERTIME DUE UNDER THE FLSA

69.    Paragraphs one (1) through sixty-eight (68) are re-alleged as if fully set forth herein.

70.    At all relevant times, Avis Budget has been and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA 29 U.S.C. §§ 206(a) and 207(a).

71.    At all relevant times, Avis Budget employed, and/or continues to employ,

Plaintiffs and each member of the Collective Class within the meaning of the FLSA.

72.    As stated herein, Plaintiffs and others similarly situated were improperly classified by Avis Budget as exempt; however, their work duties dictate they should have been classified and compensated as non-exempt employees, regardless of their title of "shift manager" and/or "operations manager".

73.    Avis Budget has a policy and practice of refusing to pay overtime compensated to its shift managers and operations managers  for the hours worked in excess of forty (40) hours per week.  In addition, Defendants failed to keep accurate time records of the hours worked by Plaintiffs and the Collective Class.

74.    Avis Budget willfully classified Plaintiffs and all other members of the Collective Class as "shift managers" and/or "operations managers" in efforts to avoid paying earned overtime, however, under applicable employment law, an employee is classified as exempt versus non-exempt according to their **job duties**, *not their job title*.   Non-Exempt employees are entitled to overtime compensation regardless of whether they have an exempt title, if their duties do not reflect "exempt job duties" under the FLSA.

75.    Avis Budget's failure to pay Plaintiffs and all other members of the Collective Class overtime compensation at a rate not less than one and one-half times the rate at which they are employed for work performed beyond the forty (40) hour workweek, is a violation of the FLSA, in particular 29 U.S.C. §§ 206 and 207.

76.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

77.    Due to Avis Budget's FLSA violations, Plaintiffs, on behalf of the members of the Collective Class have suffered damages and are entitled to recover from Avis

Budget the unpaid overtime compensation, and an additional amount equal as liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

## COUNT II – FAILURE TO PAY OVERTIME UNDER THE MFWA

78.    Paragraphs one (1) through sixty-eight (68) are re-alleged as if fully set forth herein.

79.    At all relevant times, Avis Budget employed, and/or continues to employ, Plaintiffs and each member of the MFWA Class within the meaning of the MFWA.

80.    Count II incorporates a subclass of current and former shift managers and/or operations managers who were employed at one or more of the Defendants' rental locations in Massachusetts within the past two years preceding the filing of this lawsuit, who worked more than 40 hours in a given workweek at least one time, and received anything less than 1.5 times their regular rate of pay for hours worked over 40 in a workweek pursuant to the MFWA § 1B.

81.    As stated herein, Plaintiffs and others similarly situated were improperly classified by Avis Budget as exempt; however, their work duties dictate they should have been classified and compensated as non-exempt employees, regardless of their title of "shift manager" and/or "operations manager".

82.    Avis Budget has a policy and practice of refusing to pay overtime compensated to its shift managers and operations managers  for the hours worked in excess of forty (40) hours per week.  In addition, Defendants failed to keep accurate time records of the hours worked by Plaintiffs and the Collective Class.

83.    Avis Budget has  failed  to pay the Massachusetts Class compensation at a rate if one and one half times their regular rate of pay as required by Chapter 151 § 1A of

Massachusetts General Laws.

84.     Avis Budget willfully classified Plaintiffs and all other members of the Collective Class as "shift managers" and/or "operations managers" in efforts to avoid paying earned overtime, however, under applicable employment law, an employee is classified as exempt versus non-exempt according to their **job duties**, *not their job title*.   Non-Exempt employees are entitled to overtime compensation regardless of whether they have an exempt title, if their duties do not reflect "exempt job duties" under the MFWA.

85.     Avis Budget's failure to pay Plaintiffs and all other members of the Collective Class overtime compensation at a rate not less than one and one-half times the rate at which they are employed for work performed beyond the forty (40) hour workweek, is a violation of the MFWA, in particular § 1A.

86.     The foregoing conduct, as alleged, constitutes a willful violation of the MFWA.

87.     Due to Avis Budget's MFWA violations, Plaintiffs and the MFWA Class have suffered damages and are entitled to recover from Avis Budget the unpaid overtime compensation, and an additional amount equal as liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to Mass. Gen. Law c. 151 § 1B.

## PRAYER FOR RELIEF

88.     WHEREFORE Plaintiffs prays for:

        a.      A Declaration that Avis Budget has violated the FLSA and the MFWA.

        b.      An order designating this action as a collective action and issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with

instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to §216(b) and that this notice be sent to all past and present employees of Avis Budget at any time during the three year period immediately preceding the filing of this suit, through and including the date of this Court's issuance of the Court Supervised Notice.

c.      An order certifying the MFWA Class as a Class Action Pursuant to Fed. R. Civ. P. 23(a);

d.      An order appointing Plaintiffs and their counsel to represent the Collective and MFWA Class;

e.      Imposition of a Constructive Trust on any amount by which Defendants were unjustly enriched at the expense of the Class as a result of the actions described above;

f.      An order enjoining Avis Budget from any further violations of the FLSA;

g.      Injunctive relief under Mass. Gen. L. c 151 § 1B.

h.      For compensatory, punitive, treble damages  and other statutory remedies permitted;

i.      Interest;

j.      An order awarding attorneys' fees and costs pursuant to § 216 of the FLSA and § 1b of the MFWA.

k.      That the Court find Avis Budget in violation the overtime compensation provisions of the FLSA and the MFWA;

l.      That the Court find that Avis Budget's violation of the FLSA and MFWA were and are willful;

m.      That the Court enjoin Avis Budget, pursuant to 29 *U.S.C.* § 217, from

withholding future payment of compensation owed to members of the putative Class;

n.     That the Court award Erica Johnson and Jose Santiago, the putative Class and all similarly situated employees overtime compensation for all the previous hours worked over forty (40) hours, that they did not receive at least one and one-half time compensation for, in any given week during the past three years, AND liquidated damages of an equal amount of the minimum compensation; in addition to penalties and interest on said award pursuant to § 216 of the FLSA;

o.     That the Court award Erica Johnson and Jose Santiago a collective action representative fee for their efforts and time dedicated to bringing justice through this action;

p.     That the Court award Erica Johnson and Jose Santiago a class action representative fee for their efforts and time dedicated to bringing justice through this action; and

q.     That the Court award any other legal and equitable relief as this Court may deem appropriate.

## **DEMAND FOR JURY TRIAL**

89.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by this Complaint and on all other issues so triable.

Dated this <u>29th</u> day of July, 2013 and respectfully submitted by.

                              */s/ Armando A.Ortiz*
                              *Armando A. Ortiz, Esquire*
                              BBO No.: 684965
                              FELDMAN MORGADO, P.A.
                              100 North Biscayne Boulevard,
                              29th Floor, Suite 2902
                              Miami, Florida 33132
                              Telephone: 305-222-7850
                              Facsimile: 305-384-4676
                              Email: aortiz@ffmlawgroup.com

                              Dale J. Morgado, Esq.
                              Feldman Morgado, P.A.
                              100 North Biscayne Boulevard,
                              29th Floor, Suite 2902
                              Miami, Florida 33132
                              Telephone: 305-222-7850
                              Facsimile: 305-384-4676
                              Email: dmorgado@ffmlawgroup.com

                              *Pro-hac vice motion to be filled soon*
                              *thereafter filing*

                              Attorney for the Representative
                              Plaintiffs and the Putative Class